W. W. LATTA, Administrator of the Estate of SARAH A. GARMAN, Deceased, LAWRENCE M. GARMAN, and LILLY E. PRICE, heirs at law of SARAH A. GARMAN, Deceased, Appellants, v. ALICE A. COFFEEN and BENJAMIN COFFEEN, Appellees.

**Contracts for Support:** FRAUD: UNDUE INFLUENCE: EVIDENCE. The

presumption is in favor of the good faith of a contract, and when attacked on the ground of fraud or undue influence the issues thus tendered must be sustained by a fair preponderence of the evidence to warrant a decree setting it aside. Evidence of fraud and undue influence held insufficient to annul a contract between a daughter and her mother for the support of the latter during her life.

**Modification of Decree: COSTS.** Where a decree by inadvertence contains matter affecting one of the parties not justified by the pleadings, costs should not be taxed to the party on account thereof.

*Appeal from Harrison District Court.*—HON. W. R. GREEN, Judge.

WEDNESDAY, DECEMBER 16, 1908.

SUIT in equity brought by the administrator and heirs at law of Sarah A. Garman, deceased, to set aside a contract whereby the deceased conveyed to defendant Alice A. Coffeen all her personal property, consisting of drafts amounting to $2,921, and to recover from said defendant the amount of said drafts, with interest. The grounds alleged for setting aside the contract were mental incapacity of the said Sarah A. Garman and undue influence exercised by defendants over her to induce her to sign the instrument. The defendant denied the allegations of incapacity and undue influence, and upon the issues thus joined the case was tried to the court, resulting in a decree dismissing the petition, and plaintiffs appeal.—*Modified* and *affirmed.*

*C. A. Bolter* and *Roadifer & Arthur,* for appellants.

*Cochran & Egan* and *W. S. Lewis,* for appellees.

DEEMER, J.—October 18, 1906, Sarah A. Garman died intestate in Harrison County, Iowa. She was near

seventy years of age at the time of her death, and had

been a sufferer from diabetes for some time

**1. CONTRACT FOR SUPPORT: fraud: undue influence: evidence.** prior to her demise. On June 17, 1906, she commenced living with her daughter

Alice A. Coffeen, one of the defendants, and continued to reside with her down to the time of her decease. Prior to that she had for about two years lived with her daughter Lilly E. Price, one of the plaintiffs, at her home in the State of Minnesota. In November of the year 1905 deceased had a very severe sick spell, and she was a sufferer from the incurable disease hitherto mentioned until her death. When she went to live with Mrs. Coffeen, she had between $2,500 and $3,000 in money and drafts, and on the 30th day of July, 1906, the following contract was entered into between her and her daughter Alice A. Coffeen:

This agreement made and entered into this 30th day of July, 1906, by and between Alice A. Coffeen, of the party of the first part, and Sarah A. Garman, of the second part, both of the county of Harrison and State of Iowa, witnesseth: That whereas the second party is now old and in need of attention and the first party being her daughter, and the second party being desirous of making her home, for the balance of her life with the first party and in consideration of the first party furnishing to the second party a good and suitable home, and to take care of her, and to render to her from time to time a good and suitable home, and to furnish her food and clothing, and when in need all medical aid that may be necessary at any time, and to take good care of the second party and to administer to her all and every care she may need or require, then and in that event, the second party agrees to give to the first party all of the personal property that she may at this time own. The first party accepts the terms and conditions of this contract on her part, and if at any time the second party shall become dissatisfied with the terms of this contract, then second party may terminate same, by giving ten days written notice of that fact to the first party who shall then have the right to comply

with all reasonable demands that may be made upon her by the second party and in case the two can not agree, then said difference shall be submitted to three disinterested parties, one to be selected by each party, and the two thus chosen shall select a third, and their decision shall be final on both parties. The personal property belonging to the second party is this day turned over, and received by the first party. The first party hereby agrees and consents for the above consideration to enter upon the discharge of her duties, and to at all time take good care of her mother so long as she shall live. This contract to terminate upon the death of the second party. Alice A. Coffeen. Sarah A. Garman.

It is this contract which plaintiffs attack and which they seek to have set aside. Appellant's counsel say in argument:

We do not claim that at the time the contract was executed Sarah A. Garman, deceased, was insane and absolutely incapable of understanding ordinary business transactions, but we do claim that at the time the contract was executed she was very weak, both mentally and physically, and in a condition of mind to be easily influenced, imposed upon, and defrauded. It is shown by the testimony of all the physicians that she continued to grow weaker physically and mentally from the time of her sickness in 1905. . . . While it is true that possibly, under the evidence, it might be found that deceased had sufficient mind to comprehend her business affairs, and, if left to exercise her mind freely without being influenced by other persons, might have prepared a contract expressing her understanding and wishes with reference to her property, but in this case, as stated, the evidence shows that she never was consulted as to the nature of the contract she was to sign, nor was it talked over the amount of property she was conveying by such contract. . . . It is true we have no direct testimony establishing that undue influence was used to secure the signature of decedent to the contract. Undue influence, like fraud, can scarcely, if ever, be established by direct evidence, but we contend the facts and circumstances disclosed by the evidence in this case established both fraud and undue influence.

With these concessions it is manifest that the question for our consideration is one of fact, and that is: Does the record show such fraud or undue influence on the part of the defendants or either of them as will justify a court of equity in setting aside the contract? We shall not set out the testimony bearing upon this issue at any length as it is not our custom to do so. It appears, however, that the contract was made at the suggestion of the deceased; that she knew its contents and fully understood its import; that, before its making, she indicated to various disinterested witnesses her intention of making it, and that in various letters she told of her purpose in doing so. It also appears that Alice A. Coffeen fully complied with her part of the contract, and that it was of her own volition that deceased went to live with her daughter, the defendant Alice Coffeen. There is nothing to indicate that this defendant even suggested the making of the contract. On the other hand, the desire to do so seems to have emanated from the mother in order that she might have a home and proper care and support during her declining years. There is nothing save the barest inference upon which to base a finding of fraud or undue influence, and, as the presumption is in favor of the *bona fides* of the contract, the plaintiffs must fail unless they have established the issues tendered by them by a fair preponderance of the testimony. This the trial court thought they had not done, and with this conclusion we agree.

The decree rendered by the trial court, among other things, provided: "It is therefore ordered, adjudged and decreed by me that the plaintiffs or any of them who are holding or causing to be held any personal property received from Alice A. Coffeen, or Sarah A. Garman, after the same came into the possession of said Alice A. Coffeen or received after the death of Sarah A. Garman, are ordered to return the same to the said Alice A. Coffeen." There was nothing

2. MODIFICATION
OF DECREE:
costs.

in defendant's answer to justify this order, and it should not have been made. In other respects the decree seems to be correct; but this part of it should be eliminated. As this doubtless was passed into the decree inadvertently, no costs will be taxed to appellee on account of the modification. The decree as thus modified will be affirmed.— *Modified* and *affirmed.*